# UNITED STATES DISTRICT COURT

### for the

Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE RESIDENCE LOCATED AT<br>1170 ESSEX GLENN, MORROW,<br>OHIO 45152. | )<br>)<br>)<br>)   Case No.   1:21-mj-159<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____Ohio_____ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____3/3/2021_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____**Karen L. Litkovitz**_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:     **11:25 AM, Feb 17, 2021**_____

City and state:     Cincinnati, Ohio_____

Karen L. Litkovitz
**United States Magistrate Judge**

## ATTACHMENT A

*Property to be searched*

The property to be searched is 1170 Essex Glenn, Morrow, Ohio, 45152 further described as a brick-and-siding two-story home, with a garage on the left side of the home, with a mailbox near the road with the numbers "1170" affixed to it. The photographs below depict the property to be searched.





## ATTACHMENT B

*Property to be seized*

1.     All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. §§ 1512(c)(2) (obstruction of Congress); 1519 (obstruction of justice – destruction of evidence); 111 (assaulting a federal agent); 231 (civil disorders); 371 (conspiracy); 372 (conspiracy to impede/assault federal agents); 641 (theft of government property); 930 (possession of firearms and dangerous weapons in federal facilities); 1361 (destruction of government property); 1752(a) (unlawful entry on restricted buildings or grounds); 2101 (interstate travel to participate in riot); 2383 (rebellion or insurrection); and 2384 (seditious conspiracy); and 40 U.S.C. § 5104(e)(2) (violent entry, disorderly conduct, and other offenses on capitol grounds) that have been committed by Sandra Parker and Bennie Parker, and other identified and unidentified persons (collectively, the "SUBJECT OFFENSES"), as described in the affidavit submitted in support of this Warrant, occurring between November 3, 2020, and the present, including:

   a.   Records and information that constitute evidence of use, control, ownership, or occupancy of the PREMISES and things therein;

   b.   Evidence of the Subject Offenses, to include clothing, protective/tactical gear worn during the offenses, and firearms and other weapons;

   c.   Evidence tending to show that Sandra Parker and Bennie Parker traveled to Washington, D.C., for a period to include on or about January 6, 2021, including travel reservations and receipts;

d. Items used in furtherance of the Subject Offenses, to include digital devices, radios, and walkie-talkies, among other items;

e. Records and information relating to a conspiracy to unlawfully enter the United States Capitol and to disrupt the certification of the 2020 Electoral College vote;

f. Records and information that constitute evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with Sandra Parker and Bennie Parker about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

g. Records and information that constitute evidence of the state of mind of Sandra Parker and Bennie Parker, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation; and

h. Any evidence tending to show consciousness of guilt, including communications after January 6, 2021, about the Subject Offenses committed that day.

2.    For any digital device which is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)":

a. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

b. evidence of software, or the lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

e. evidence of the times the Device(s) was used;

f. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

g. documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

h. records of or information about Internet Protocol addresses used by the Device(s);

i. records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

3. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

4.     The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

5.     The term "storage medium" includes any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

6.     The United States government will conduct a search of the property described in Attachment A and determine which information is within the scope of the information to be seized specified above.  That information that is within the scope of this warrant may be copied and retained by the United States.

7.     Law enforcement personnel will then seal any information from the property searched that does not fall within the scope of this warrant and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

8.     This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff

for their independent review.

9.      During the execution of the search of the PREMISES described in Attachment A, law enforcement personnel are also specifically authorized to obtain from Sandra Parker and Bennie Parker (but not any other individuals present at the PREMISES at the time of execution of the warrant) the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock any Device(s) requiring such biometric access subject to seizure pursuant to this warrant for which law enforcement has reasonable suspicion that the aforementioned person(s)' physical biometric characteristics will unlock the Device(s), to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition of:

(a)      any of the Device(s) found at the PREMISES,

(b)      where the Device(s) are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the Device(s)'s security features in order to search the contents as authorized by this warrant.

10.      While attempting to unlock the device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that the aforementioned person(s) state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the Device(s).  Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to

5

compel the aforementioned person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person(s) is permitted. To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned person(s) for the password to any Device(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any Device(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____


_____
*Executing officer's signature*

_____
*Printed name and title*